Javier F. Garcia, Bar No. 296846
JGarcia@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Attorneys for Defendant
Ahtna Technical Services, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO

| | |
|---|---|
| RICARDO QUIROZ,<br><br>        Plaintiff,<br><br>v.<br><br>ASSET PROTECTION & SECURITY SERVICE, LP, a Corporation Doing Business in California; AHTNA TECHNICAL SERVICES, INCORPORTED, a Corporation Doing Business in California and Does 1 to 100,,<br><br>        Defendants. | Case No. **'14CV2786 LAB BGS**<br><br>DEFENDANT AHTNA TECHNICAL SERVICES, INC.'S NOTICE OF REMOVAL<br><br>*[Complaint filed February 13, 2014 and removed from the Superior Court of California, County of Imperial, Case No. ECU08078]* |

**TO: THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Ahtna Technical Services, Inc. ("ATSI") removes this action to this Court from the Superior Court of the State of California, County of Imperial, El Centro Division. In support of this Notice of Removal, ATSI respectfully states:

## STATE COURT ACTION

1. Plaintiff Ricardo Quiroz ("Plaintiff") commenced this action on or about February 13, 2014, in the Superior Court of the State of California, County of Imperial, El Centro Division by filing the Summons and Complaint where it was assigned Case No. ECU 08078. *See* Cal. Code Civ. P. 411.10. Plaintiff served the Summons and Complaint on an officer of ATSI on October 21, 2014. ATSI and Defendant Asset Protection & Security Service, LP ("Asset") filed separate answers to the Complaint on November 19, 2014. No further proceedings in this matter have been held in Superior Court.

2. Plaintiff's Complaint alleges retaliatory discharge, hostile work environment, breach of the covenant of good faith and fair dealing, and negligence. Complaint ¶¶ 15-47. Plaintiff seeks special damages for lost earnings, lost hospitalization benefits, lost medical benefits, lost dental benefits, lost pension benefits, lost stock option benefits, and lost incremental raises and promotions, as well as exemplary damages, attorney's fees, prejudgment interest, and costs of this suit. Complaint, pp. 11-12.

## GROUNDS FOR REMOVAL: DIVERSITY OF CITIZENSHIP

3. This action is removable under 28 U.S.C. § 1441(a) and (b) because the Court has original jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists because the parties are completely diverse and the amount in controversy exceeds $75,000. Finally, this Notice is timely filed and all other procedural requirements are met.

**Complete Diversity of Citizenship**

4. Plaintiff alleges that he is a resident of Imperial County, California. Complaint, ¶ 11. Thus, Plaintiff is a citizen of California.

5. ATSI is an Alaska corporation with its principal place of business in Alaska. Declaration of Javier Garcia in Support of ATSI's Notice of Removal ("Garcia Decl.") ¶ 2. ATSI is thus a citizen of Alaska. *See* 28 U.S.C. § 1332(c)(1).

6. Asset is a Texas corporation with its principle place of business in Texas. Declaration of Ronald Berglund ("Berglund Decl.") ¶ 2. Asset is thus a citizen of Texas.

7. Because the parties are citizens of different states, complete diversity of citizenship exists between the parties for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

**Amount in Controversy**

8. The Court should conclude based on a preponderance of the evidence that Plaintiff's claims involve an amount in controversy in excess of $75,000, exclusive of interest and costs. A removing defendant may make the requisite showing that Section 1332's jurisdictional threshold of $75,000 is satisfied by either (1) demonstrating that it is facially apparent from the complaint that the claims likely exceed $75,000 or (2) setting forth facts in the notice of removal that support a finding of the requisite amount under a preponderance of evidence standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). Although Plaintiff does not specify the dollar amount he seeks in damages in the Complaint, a reasonable person reading the Complaint would conclude that Plaintiff "more likely than not" seeks damages in an amount greater than $75,000. *Id.* at 699. By the statements contained in this Notice of Removal, ATSI does not concede that Plaintiff is entitled to any damages.

9. Plaintiff alleges retaliatory discharge from his employment with Defendants, and alleges that as a result of this discharge he has lost "earnings, vacation time, sick leave, promotions, back overtime premium pay and all other benefits due to him." Complaint, ¶¶ 25, 29. Among other damages, Plaintiff seeks damages for lost earnings and benefits. Complaint, p. 11, lines 15-22. Defendant Asset's records show that Plaintiff was making over $73,000 per year. Berglund Decl. ¶ 4. Plaintiff claims that Defendants terminated him on or about March 18, 2013. Complaint ¶¶ 24, 25, 41. Assuming, without conceding, Plaintiff's claimed

lost wages date back to March 2013, if trial were held a year from now, Plaintiff's alleged damages for lost compensation would far exceed $75,000--over two years of his annual income. Berglund Decl. ¶ 4. In addition, Plaintiff is seeking exemplary damages and prejudgment interest. Complaint, p. 12, lines 1-2.

10. Plaintiff's Complaint also seeks attorney's fees. Complaint, p. 11. Where, as here, attorney's fees are recoverable under an applicable state statute (Cal. Labor Code § 218.5) reasonable attorney's fees are properly included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorney's fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2006) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract."). Fee requests for matters tried to a jury will, in almost every case, exceed $75,000. Garcia Decl. ¶ 3.

11. The nature of Plaintiff's claimed damages for the alleged violations of state law leaves no doubt that a reasonable person would conclude that the amount in controversy here exceeds the $75,000 required for diversity jurisdiction. Thus, based upon a preponderance of the evidence, ATSI has satisfied its burden to establish that the amount in controversy exceeds $75,000. This Court therefore has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

**ACTION REMOVABLE**

12. This action is removable to this Court under 28 U.S.C. § 1441 because this Court would have had original jurisdiction over Plaintiff's claims had Plaintiff filed the action initially in federal court. This Court is the district court of the United States for the district and division "embracing the place where [the state court] action is pending," and is therefore the appropriate court for removal. 28 U.S.C. § 1441(a).

13. ATSI removes this action to the El Centro Division of this Court because Plaintiff's claims arose in the City of El Centro, California. Complaint, ¶ 11.

14. This Notice is filed with the Court within thirty (30) days after receipt by ATSI of the Complaint, in accordance with 28 U.S.C. § 1446(b).

15. All served Defendants in this lawsuit consent to removal to this Court. 28 U.S.C. § 1446(b)(2)(A).

**PLEADINGS FILED**

16. Copies of all process and pleadings filed in this case and found in the files of the Superior Court of the State of California for Imperial County are attached to the Verification of State Court Record.

DATED: November 20, 2014

**PERKINS COIE LLP**

By: _____
Javier F. Garcia, Bar No. 296846
JGarcia@perkinscoie.com

Attorneys for Defendant
Ahtna Technical Services, Inc.