1
2
3
4
5
6
7
8    **UNITED STATES DISTRICT COURT**
9    **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   RICARDO QUIROZ,                              CASE NO. 14cv2786-LAB (BGS0

12                              Plaintiff,        **ORDER DENYING WITHOUT**
                vs.                               **PREJUDICE MOTION TO**
13                                                **REMAND; AND**

14   ASSET PROTECTION & SERVICES,                 **ORDER PERMITTING**
     L.P., et al.,                                **AMENDMENT OF COMPLAINT**
15
                              Defendant.
16

17        Defendant Ahtna Technical Services, Inc. removed this action from state court on

18   November 20, 2014, citing diversity jurisdiction. The Court issued an order to show cause,

19   because diversity of citizenship and the amount in controversy were not adequately pled.

20   Defendants then amended their notice of removal showing that the parties are diverse.

21   Plaintiff Ricardo Quiroz then filed a motion to remand (Docket no. 7).

22        Quiroz seeks remand on two bases. He argues the Court should remand in the

23   interests of convenience, and cites 28 U.S.C. § 1404(a) as authorizing this. He also argues

24   the amount in controversy is not met.

25   **Legal Standards**

26        Under 28 U.S.C. § 1441(a), a case can be removed from state to federal court,

27   provided it could originally have been brought in federal court. This statute is construed

28   strictly against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as

to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir.1988). The removing party bears the burden of establishing that the court has subject matter jurisdiction. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

The complaint did not plead an amount in controversy, so the burden falls on Defendants to show by a preponderance of the evidence that the amount in controversy is met. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). While the Ninth Circuit has not yet settled the issue, the usual rule is that the amount in controversy does not include amounts likely to accrue during the course of litigation. *See Antezano v. AM Retail Group, Inc.*, 2015 WL 5104822, slip op. at *3 (C.D. Cal., Aug. 31, 2015) (citing authority). *See also Rea v. Michaels Stores, Inc.*, 742 F.3d 1234, 1237 (9th Cir. 2014) (citing *Eagle v. Am. Tel. & Tel. Co.*, 769 F.2d 541, 545 (9th Cir. 1985)) (noting general rule that "the amount in controversy is determined from the pleadings as they exist at the time a petition for removal is filed").

**Remand Under 28 U.S.C. § 1440(a)**

Plaintiff seeks remand under this statute on the basis of convenience. He argues that because the evidence and witnesses are located in El Centro rather than in San Diego, the state superior court in El Centro would be a more convenient forum. This statute, however, provides only for transfer from one federal court to another; there is no "transfer" from federal to state court. *Pope v. Atlantic Coast Line R. Co.*, 345 U.S. 379, 384 (1953). And 28 U.S.C. § 1441(e)(6) does not authorize transfer or dismissal of actions because of the inconvenience of the forum. In *Barksdale v. Washington Metropolitan Area Transit Authority*, 512 F.3d 712, 715–16 (D.C. Cir. 2008), the panel considered the propriety of a district court's remand. Remand was not authorized by 28 U.S.C. § 1447 and the case was not subject to dismissal either on abstention grounds or for any other reason. The panel therefore held the district court lacked the power of remand. *See id.* at 716 (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988); and *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336 (1976)).

In this case, remand based solely on convenience is unavailable. *See Hamed v. Horace Mann Ins. Co.*, 2008 WL 863992 (W.D. Pa. Mar. 31, 2008) (denying motion to remand action over which it had jurisdiction, based solely on convenience).

**Remand for Lack of Jurisdiction**

Because Defendants have now alleged diversity, the only remaining question is the amount in controversy. The complaint alleges Defendants wrongfully terminated Quiroz on or about March 18, 2013 for complaining about unlawful failure to pay overtime. The complaint seeks several categories of special damages, including lost earnings and benefits (hospitalization, medical, dental, pension, and stock option), lost incremental raises and promotions, as well as reinstatement, attorney's fees, and several other forms of relief. (Docket no. 1–4, 11:6–12: 4.)

Quiroz argues Defendants wrongly included his future earnings after removal, and assumed that he would win his case and become entitled to exemplary damages, pre-judgment interest, and fees. But Defendants point out that Quiroz was earning over $73,000 per year. Calculating his lost wages from March 19, 2013 to the date of removal, the amount in controversy already exceeds $75,000. Quiroz, for his part, argues he was seeking only the amount he earned from January 1, 2013 to March 18, 2013, *i.e.*, $18,080. (Docket no. 7-1 (Remand Mot.), 5:9–11.) But the complaint cannot reasonably be construed to mean what Quiroz argues it means. It does not claim Quiroz lost his salary from January 1, 2013 to March 18, 2013, except for some overtime payments. And it does not allege he lost any benefits at all, until he was terminated.

The amount in controversy includes the value of relief requested in the complaint, *i.e.*, the amount a plaintiff <u>could</u> recover; a party invoking diversity jurisdiction does not have to show that the plaintiff <u>will</u> recover that amount. *See, e.g., Lara v. Trimac Transp. Servs. (Western) Inc.*, 2010 WL 3119366, at *3 (C.D. Cal., Aug. 6, 2010) (citing authority). That being said, Defendants have never shown what attorney's fees or interest had accrued at the time of removal. Instead, their briefing persists in arguing that the proper measure is the amount likely to accrue over the course of the litigation, a proposition the Court rejects. *See*

*Antezano*, 2015 WL 5104822, slip op. at *3. Nor have they shown what the exemplary damages are likely to be, assuming Quiroz succeeded on his claims.  No party addressed the value of reinstatement. Assuming Quiroz is an at-will employee, he might be subject to dismissal soon after he returned, so it is impossible to say with any certainty what the value of that relief might be.

In short, the only amount Defendants have satisfactorily established is the value of Quiroz's lost wages.  Because this is enough to satisfy the amount in controversy requirement, however, the Court can exercise jurisdiction over this action.

**Conclusion and Order**

For these reasons, the motion for remand is therefore **DENIED WITHOUT PREJUDICE**.

Because Quiroz has asserted he only intended to seek $18,080 for this loss, the case is in an awkward posture. The Court's jurisdiction is predicated on the assumption that the complaint means something other than what Quiroz says he meant it to say, and that he is asking for more than he believes he is. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citations omitted) (explaining that a plaintiff is "master of his complaint").

To resolve this, the Court will permit Quiroz to amend his complaint to request to seek only $18,080 for his lost wages. His amended complaint must make this change only, and no others, and must be filed within **fourteen calendar days from the date this order is entered in the docket**. Quiroz should not make any other amendments to his complaint. If Quiroz clarifies the amount he is seeking for lost wages is $18,080, the Court would then be inclined to reconsider its ruling and remand this case. But if he does not amend his complaint as permitted, the Court's order will stand and the parties should proceed to litigate this action.

**IT IS SO ORDERED**.

DATED:  September 28, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge