1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11   RICADO QUIROZ, | CASE NO. 14cv2786-LAB (BGS0 |
| 12                   Plaintiff, | **ORDER STRIKING UNAUTHORIZED REPLY BRIEF;** |
| 13     vs. | **AND** |
| 14 | **ORDER AUTHORIZING SUPPLEMENTAL BRIEFING ON** |
| 15   ASSET PROTECTION & SERVICES, L.P., et al., | **MOTION FOR RECONSIDERATION** |
| 16                Defendants. | |

17       On September 28, 2015, the Court denied without prejudice Plaintiff's motion for

18 remand, but noted that it was in the awkward position of telling Quiroz that his complaint

19 meant something other than what he said it did, *i.e.*, that he was seeking more than $18,080

20 for his loss.  The order therefore permitted Quiroz to amend his complaint "to request to seek

21 only $18,080 for lost wages." (Docket no. 16, 4:17–18.)  The order required that this be the

22 only change made to the complaint. (*Id*., 4:18–20.)  When amending, however, Quiroz left

23 in other claims for damages, including various categories of special damages, other lost

24 fringe benefits, costs, attorney's fees, and interest.  (FAC, 13:11–14:10.)

25       Quiroz has now filed his amended complaint (the "FAC"), and, with the Court's

26 permission, filed an *ex parte* application for reconsideration of the order denying remand.

27 Defendant Asset Protection & Services, L.P. has filed an opposition.  Quiroz, without leave,

28 filed a reply (Docket no. 32), which the Court **ORDERS** stricken.

1        Quiroz's motion construed the Court's order as permitting him to obtain remand if he

2   "reduc[ed] the prayer for lost wages to $18,080," (Motion, 29:1, 3:1–3.)   Apparently he

3   understood this to mean that as long as this portion of the amount in controversy was

4   reduced, remand would be granted.   In fact, to deprive the Court of diversity jurisdiction, the

5   total amount in controversy at the time of removal must be $75,000 or less.   If the

6   amendment clarified that the amount in controversy did not exceed the threshold amount at

7   the time of removal, remand is appropriate. But if amendment after removal reduced the

8   amount in controversy below the threshold amount, remand is not appropriate.  *See St. Paul*

9   *Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938) ("[E]vents occurring

10  subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's

11  control or the result of his volition, do not oust the district court's jurisdiction once it has

12  attached.")

13       For its part, Asset Protection argues that Quiroz did not timely file his motion for

14  reconsideration and remand should be unavailable to him.   But subject matter jurisdiction

15  can never be waived, and the Court is under an independent obligation to confirm it.  See

16  *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) (holding that

17  federal courts are under a continuing duty to confirm their jurisdictional power and are

18  "obliged to inquire sua sponte whenever a doubt arises as to the existence of [its]

19  jurisdiction; *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594–95 (9th

20  Cir.1988) (holding that lack of subject-matter jurisdiction is never waived and may be raised

21  by either party or the court at any time).   Furthermore, the Court is obligated to remand the

22  case if, at any time before final judgment, it appears jurisdiction is lacking.   28 U.S.C.

23  § 1447(c).

24       As the party invoking the Court's jurisdiction, Asset Protection bears the burden of

25  establishing jurisdiction.  *See California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838

26  (9th Cir. 2004).   Because neither the original complaint nor the FAC pled an amount in

27  controversy, Asset Protection must establish by a preponderance of the evidence that this

28  requirement is met.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir.

1  2007).  Although the original complaint and FAC included requests for other amounts, Asset

2  Protection failed to establish what they were.  (*See* Docket no. 16, 3:25–4:8.)  Accepting the

3  FAC at at face value, remand would be proper.

4       In its opposition, Asset Protection points to ¶ 29 of the FAC, which alleges that Quiroz

5  "lost earnings in the amount of $18,080, vacation time, sick leave, promotions, back overtime

6  premium pay" and other benefits.  It does not attempt to show what the value of those other

7  benefits were, but claims the value of the back overtime premium pay amounted to $63,170.

8  The problem with including this amount is that, while the FAC alleges failure to make

9  required overtime payments, it does not seek redress for the failure — at least, not in the full

10  amount Asset Protection believes it does.  The original complaint sought special damages

11  for "lost earnings," without breaking out the types of earnings (*e.g.*, regular wages, overtime,

12  etc.) or stating the amount requested.  (Docket no. 1-4, 11:15–17.)  The FAC's prayer for

13  relief seeks "lost earnings in the amount of $18,080," apparently referring to all lost earnings,

14  with no separate recovery for unpaid overtime.  (FAC, 13:21–22.)  Because Quiroz is now

15  only seeking $18,080 for all lost wages, and because the value of remainder of his claims

16  have not been established, it appears the amount in controversy is not met.

17       Asset Protection, however, has supported its opposition with an exhibit, and on this

18  basis makes a new argument in favor of a higher amount in controversy based on other

19  claims.  These are new arguments based on old evidence that could have been provided in

20  opposition to the original motion.  The exhibit is a written settlement offer made by Quiroz

21  to AHTNA Technical Services, which has now been dismissed as a Defendant.  (Defendant's

22  Opp'n, Ex. A (Docket no. 31-1) ("Demand Letter").)  The demand is dated August 7, 2015.

23  While statements made in the course of settlement are normally inadmissible, Fed. R. Evid.

24  408, demand letters can be admitted to show the amount in controversy.  *See* Fed. R. Evid.

25  408(b); *Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002).

26       The letter asks AHTNA for $348,795 to settle the claims against it.  Some of this

27  apparently represents costs that had not accrued as of the date of removal, and some is

28  apparently attributable to future costs that have not yet accrued (*e.g.*, attorney's fees, costs,

1  and and interest).  As the Court's earlier orders have made clear, those cannot help satisfy

2  the amount in controversy requirement. And, to some extent, Quiroz's amendment has

3  clarified that he is really seeking only $18,080 for all lost wages. Nevertheless, assuming the

4  entire demand is accurate and not inflated, and represents Quiroz's actual demands as of

5  the date of removal, the amount is high enough that the threshhold is easily met.

6           That being said, Asset Protection waited until quite late to produce this evidence, even

7  though it knew it bore the borden of establishing jurisdiction.  Quiroz has had no opportunity

8  to comment on it, explain it, or show why it does not represent the actual amount in

9  controversy.   In effect, this exhibit and the arguments based on it amount to Asset

10  Protection's own motion for reconsideration of the Court's earlier order, which Asset

11  Protection had the opportunity to brief fully. It is not even clear the Court is required to

12  consider this new evidence, *see Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,*

13  571 F.3d 873, 880 (9th Cir. 2009) (motions for reconsideration may not properly be used to

14  present evidence that reasonably could have been raised earlier), though of course the

15  Court has discretion to reconsider its own orders at any time before final judgment.  *See*

16  Fed. R. Civ. P. 54(b); *Holly D. v. Calif. Inst. of Tech.*, 339 F.3d 1158, 1180 (9th Cir. 2003).

17           Assuming the Court exercises its discretion to consider the demand letter as evidence

18  of the amount in controversy, a settlement demand is not dispositive.  *See Burns v. Windsor*

19  *Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (while a "settlement offer, by itself, may not be

20  determinative, it counts for something").   In order to help establish the amount in

21  controversy, the settlement demand must appear to represent a reasonable estimate of the

22  plaintiff's claim. *Cohn*, 281 F.3d at 840. Obviously, demands can be inflated or otherwise

23  inaccurate. *Id*. ("Cohn could have argued that the demand was inflated and not an honest

24  assessment of damages. . . .") In addition the estimate is premised on an understanding that

25  Quiroz was suing for violations occurring over three years, from March 1, 2011 to March 18,

26  2013.  Since that time, Quiroz has said he is only suing over violations occurring from

27  January 1, 2013 to March 13, 2013. (Mot. for Remand (Docket no. 7-1), 5:9–11.)

28  / / /

1    Although neither party's briefing has been particularly on-point, the Court is not

2  permitted to be laissez-faire when it comes to subject matter jurisdiction. The Court is

3  obliged to be vigilant and to confirm its own jurisdiction whenever any doubt about it arises,

4  regardless of whether the parties have adequately raised or briefed the issue.  *See Mt.*

5  *Healthy School Dist.*, 429 U.S. at 278.

6    If Quiroz thinks the demand is inflated or the letter is inaccurate, or otherwise does

7  not show the true amount in controversy <u>at the time of removal</u>, he may file a supplemental

8  brief addressing this issue.  His brief must be filed no later than **14 calendar days from the**

9  **date this order is issued**, and must not exceed seven pages (not counting any appended

10  or lodged material).  His briefing should focus on the issue of whether the demand letter

11  accurately reflects the amount in controversy at the time of removal, rather than other issues.

12  For example, it would be futile to argue that the settlement with AHTNA reduced the amount

13  in controversy or that his amendment reduced the amount in controversy after removal.  *See*

14  *St. Paul Mercury*, 303 U.S. at 293. And the Court is not requesting extensive briefing on the

15  admissibility of the demand letter for this purpose.[1]

16    If Quiroz does not file anything, the Court will assume he agrees the demand letter

17  accurately reflects the amount in controversy and will issue its ruling on the motion for

18  reconsideration with that in mind. No reply to Quiroz's supplemental briefing should be filed.

19    **IT IS SO ORDERED**.

20  DATED:  December 9, 2015

21

22  **HONORABLE LARRY ALAN BURNS**
    United States District Judge

23

24

25    [1] Quiroz's unauthorized reply brief raised the plainly meritless argument that Fed. R.
    Evid.408 forbids the admission of settlement discussions for purpose of establishing the
26  amount in controversy. *See Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1160 (9th Cir.
    2007) (rejecting the same contention, noting "[q]uite simply, this argument is not an accurate
27  statement of the law.")  It also meritlessly argued that Asset Protection's citation of an
    unpublished Ninth Circuit precedent (decided in 2010) was unauthorized and that the Court
28  should ignore it.  *See* Fed. R. App. P. 32.1(a) (forbidding courts to prohibit or restrict the
    citation of any federal judicial opinions, orders, judgments, or other written dispositions
    designated "unpublished," "not precedent," or the like issued on or after January 1, 2007).