# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICADO QUIROZ,<br><br>           Plaintiff,<br> vs.<br>ASSET PROTECTION & SERVICES, L.P., et al.,<br><br>           Defendant. | CASE NO. 14cv2786-LAB (BGS0<br><br>**ORDER OF REMAND** |

On September 28, 2015, the Court denied without prejudice Plaintiff's motion for remand, but noted that it was in the awkward position of telling Quiroz that his complaint meant something other than what he believed it did, *i.e.*, that even though he argued he was seeking only $18,080 for his loss, he was in fact seeking more.  The order therefore permitted Quiroz to amend his complaint "to request to seek only $18,080 for lost wages." (Docket no. 16, 4:17–18.)  The order required that this be the only change made to the complaint. (*Id.*, 4:18–20.)  When amending, however, Quiroz left in other claims for damages, including various categories of special damages, other lost fringe benefits, costs, attorney's fees, and interest. (Amended Complaint ("FAC"), 13:11–14:10.) After amending, Quiroz with the Court's permission filed an *ex parte* application for reconsideration of the order denying remand.  Defendant Asset Protection & Services, L.P. has filed an opposition, which pointed to new evidence of the amount in controversy.  The Court granted Quiroz

leave to reply to the opposition, in particular addressing the new evidence, which he has now done.

The Court's order of December 11 analyzes the arguments and disposes of most of them. The sole exception was Asset Protection's new evidence, and its arguments based on that evidence. As the December 11 order points out, this evidence is not really new, for purposes of whether reconsideration is appropriate, because with reasonable diligence it could have been brought to the Court's attention earlier. Because Asset Protection first cited this evidence in opposing a motion for reconsideration, it is not even clear the Court is required to consider this new evidence. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir. 2009) (motions for reconsideration may not properly be used to present evidence that reasonably could have been raised earlier). Later-produced evidence is treated as an amendment to the notice of removal, *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002), and amendment of the notice of removal is within the Court's discretion. *See Rush v. Pier 1 Imports, Inc.*, 592 Fed. Appx. 609, 610 (9th Cir. 2015). Of course the Court has discretion to reconsider its own orders at any time before final judgment. *See* Fed. R. Civ. P. 54(b); *Holly D. v. Calif. Inst. of Tech.*, 339 F.3d 1158, 1180 (9th Cir. 2003).

The evidence consists of a written settlement offer or demand letter made by Quiroz to AHTNA Technical Services, which has now been dismissed as a Defendant. (Defendant's Opp'n, Ex. A (Docket no. 31-1) ("Demand Letter").)  While statements made in the course of settlement are normally inadmissible, Fed. R. Evid. 408, demand letters can be admitted to show the amount in controversy. *See* Fed. R. Evid. 408(b); *Cohn*, 281 F.3d at 840. The letter, dated August 7, 2015, calculates the value of Quiroz's losses at nearly $700,000, and asks AHTNA for $348,795 to settle the claims against it. Some of this represents costs that had not accrued as of the date of removal, and some is apparently attributable to future costs that have not yet accrued (*e.g.*, attorney's fees, costs, and and interest).  As the Court's earlier orders have made clear, those cannot help satisfy the amount in controversy requirement. And, to some extent, Quiroz's amendment has clarified that he is really seeking

only $18,080 for all lost wages. Nevertheless, assuming the entire demand is accurate and not inflated, and to the extent it represents Quiroz's actual demands as of the date of removal, the amount is high enough that the threshhold would be easily met.

A settlement demand is not dispositive. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (while a "settlement offer, by itself, may not be determinative, it counts for something"). In order to help establish the amount in controversy, the settlement demand must appear to represent a reasonable estimate of the plaintiff's claim. *Cohn*, 281 F.3d at 840. Obviously, demands can be inflated or otherwise inaccurate. *Id*. ("Cohn could have argued that the demand was inflated and not an honest assessment of damages. . . .") In addition the estimate is premised on an understanding that Quiroz was suing for violations occurring over three years, from March 1, 2011 to March 18, 2013. Since that time, Quiroz has said he is only suing over violations occurring from January 1, 2013 to March 13, 2013. (Mot. for Remand (Docket no. 7-1), 5:9–11.)

Quiroz's reply explains that his demand was inflated, inaccurate, and based only on optimistic guesswork, and amounted to posturing during negotiations.

> The estimate used by plaintiff in this case in formulating his demand letter is not an accurate reflection of the true damages. The amounts used are only plaintiff's aspirations on his recovery and may be "puffing."

(Pl.'s Response (Docket no. 35), 3:8–11.) Quiroz also cites disclaimers in the demand letter to show that his calculations were speculative and not based on information he had. (*Id*., 3:24–25, 4:11–14, 6:7–12.) He also openly admits the demand was inaccurate, and did not represent a reasonable estimate of the damages. (*Id*. at 3:19 ("The Settlement Demand Was Inaccurate."); 4:13 ("The figures used in the demand letter are inaccurate"); 6:3–4 ("Since the demand letter is not a reasonable estimate of the damages it is inaccurate"); 6:7–8 ("In our demand letter the numbers were not reasonable . . . .").)

The Court has reviewed the demand letter and agrees its estimates are highly inflated. It is not clear what the value of Quiroz's claims are, but the figures given in the demand letter are obviously unrealistic and do not represent the true amount in controversy.

      In view of Asset Protection's late filing of the settlement demand letter, the Court believes it is not required to consider this evidence.  Because Asset Protection was on notice ordered much earlier to show why this case should not be remanded, and knew it bore the burden of establishing jurisdiction, it should not have waited until the reconsideration stage to produce the evidence.  *See Marlyn*, 571 F.3d at 880. Assuming that the Court has discretion not to consider this evidence, it would not do so.  But even if the Court were required to consider the demand letter, the Court would find its figures so inflated and unrealistic as to be unreliable.  The Court would find that Asset Protection has not met its burden of establishing jurisdiction.  There is a strong presumption against removal jurisdiction, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), and Asset Protection has not overcome it here.

      Quiroz's motion for reconsideration (Docket no. 29) is **GRANTED** and this case is **ORDERED** remanded to the Superior Court of California for the County of Imperial.

      **IT IS SO ORDERED**.

DATED: January 7, 2016

*/s/ Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge